UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Gerardo GARCIA RAMOS,

Petitioner,

v.

Kristi NOEM, et al.,

Respondents.

Case No.:  26-cv-1252-AGS-DEB

**ORDER DENYING HABEAS PETITION (ECF 1)**

Petitioner Gerardo Garcia Ramos, a "citizen of Mexico," "entered the United States without inspection" more than "25 years" before his "March 2025" Immigration and Customs Enforcement arrest. (ECF 1, at 2, 5.) ICE detained him under 8 U.S.C. § 1226(a), he lost his bond hearing, and he now seeks a writ of habeas corpus under 28 U.S.C. § 2241. Specifically, he seeks either release or a second bond hearing, asserting that his "Due Process" rights have been violated. (ECF 1, at 14.) But the Ninth Circuit foreclosed the precise relief he seeks in *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), so his petition must be dismissed.

*Rodriguez Diaz* involved a petitioner detained under 8 U.S.C. § 1226(a) who lost his "bond hearing before an [immigration judge]." *Id.* at 1193. He later sought "a second bond hearing at which the government bears the burden of proof by clear and convincing evidence" to prove that his continued detention was warranted. *Id.* But the Ninth Circuit rejected that argument, holding that because (1) he "had a bond hearing before an [immigration judge] on the issue of whether his detention was justified because he presented a flight risk or a danger to the community," and (2) the relevant "regulations allow detainees to seek an additional bond hearing before an IJ whenever they experience a material change in circumstances warranting a redetermination of custody status," he had received sufficient "procedural protections" so as "not" to "violate due process." *Id.* at 1193–95.

1

Yet Garcia Ramos, also detained under 8 U.S.C. § 1226(a), seeks exactly the same thing: "a new custody redetermination hearing at which the Government bears the burden of proving by clear and convincing evidence that continued detention is justified." (ECF 6, at 14.) Like in *Rodriguez Diaz*, though, an immigration judge denied his request for release on bond—that hearing was "in August 2025"—and, although the immigration judge denied his redetermination request after finding there were no "changed circumstances," that procedure was available to him. (ECF 6, at 7–9.)

So, as *Rodriguez Diaz* held, Garcia Ramos's due process rights were not violated, and his petition must be **DISMISSED**.

Dated:  March 10, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

26-cv-1252-AGS-DEB